UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| ISMAEL FLORES-PADILLA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 06-437-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| D. L. STINE, Warden, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

**       **   **   **   ****

Ismael Flores-Padilla, who is currently confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-McCreary"), has filed petition seeking a writ of habeas corpus under 28 U.S.C. §2241. [Record No. 2] He states that he was sentenced to a term of thirty months in the United States District Court in Los Angeles, California, and that his criminal sentence expired on September 21, 2006. He complains that his custodian, USP-McCreary Warden D. L. Stine, has refused to release him from custody. He also contends that the Bureau of Prisons ("BOP") and the Immigration and Naturalization Service ("INS") are keeping him in custody an additional six months beyond the expiration of his 30-month sentence.

On September 27, 2006, the Court entered a "Deficiency Order." [Record No. 5] In that Order, the Court informed the Petitioner that he must provide the Court with a completed "Certificate of Inmate Account" (Form 117) or institutional equivalent(s) for the last six months. The Court explained that the financial information is necessary to enable the Court to determine

if the Petitioner qualifies for pauper status.  The Court provided the requisite form to the Petitioner and informed him that he had thirty days in which to complete and submit the form.

In his current motion [Record No. 7], the Petitioner asks the Court to enter a Temporary Restraining Order and/or a Preliminary Injunction.  The Petitioner argues that the Court should not wait for the BOP to process and send to the Court his $5.00 filing fee before addressing his claims, although he states that he has requested the $5.00 to be sent to the Clerk's Office.  He contends that whatever time is involved in getting the $5.00 filing fee to the Clerk's Office will amount to additional time, perhaps thirty days, which he will be forced to serve over and beyond his completed 30-month sentence.  The Petitioner argues that he should not have to spend this additional time in federal custody.  He therefore asks the Court to waive the waiting time for compliance with the Deficiency Order and to enter a TRO or a preliminary injunction releasing him from federal custody.

<u>DISCUSSION</u>

The factors to be considered before granting a preliminary injunction are:  the plaintiff's likelihood of success on the merits; whether the plaintiff could suffer irreparable harm without the injunction; whether granting the injunction will cause substantial harm to others; and the impact of the injunction on the public interest.  *Golden v. Kelsey-Hayes Company*, 73 F.3d 648, 653 (6th Cir. 1996) (citing *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1381 (6th Cir. 1995) (citing *International Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir.), *cert. denied*, 502 U.S. 813 (1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985))).

Considering these factors in relation to the facts in this case, Petitioner Flores-Padilla's likelihood of success on the merits is at best questionable given what appears to be the authority of the INS to detain aliens an additional six months beyond the term of their sentence. *See Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491 (2001), which held that presumptive limit to reasonable duration of detention under post-removal-period provision of Immigration and Nationality Act (INA) is six months. *Zadvydas v. Davis*, 533 U.S. at 699-700.

After six months, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing in order to warrant further detention. *Id.*; s*ee also Clark v. Martinez*, 543 U.S. 371, 386, 125 S.Ct. 716, 727 (2005) (time reasonably necessary to effect removal, for which both aliens who have been found removable and aliens who have been deemed inadmissible may be held once their removal orders become final, is presumptively six months for each of these two categories of aliens).

Considering the second factor of the analysis, the Court is unable to conclude that denying the relief requested will result in irreparable injury. The Court bases this decision on the fact that the complained-of detention is not of unlimited duration, and the fact that the Supreme Court has approved the policy behind the six-month detention of aliens as recently as its January 12, 2005 decision in *Clark v. Martinez*.

As to remaining factors, the courts are ever cautioned to stay out of the business of micro-managing prisons. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78 (1987); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987). Finally, the Court is not convinced

-3-

that the public interest would be served by interfering with the INS's and/or the BOP's policy on this matter, which the Supreme Court has addressed and upheld.

CONCLUSION

The Petitioner's motion for the entry of a Temporary Restraining Order and/or a Preliminary Injunction [Record No. 7] is **DENIED**.

This 5th day of October, 2006.



Signed By:

**_Danny C. Reeves_** DCR

**United States District Judge**