UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

ISMAEL FLORES-PADILLA,      )
                                     )
        Petitioner,            )       Civil Action No. 6: 06-437-DCR
                                     )
V.                              )
                                   )      **MEMORANDUM OPINION**
D. L. STINE, Warden, et al.,    )          **AND ORDER**
                                   )
        Respondents.       )

** ** ** ** **

Ismael Flores-Padilla, the *pro se* Petitioner, is currently confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-McCreary"). He has filed a "Motion to Amend or Reverse the 'Judgment' of 10/05/06" [Record No. 9]. That motion is before the Court for consideration.[1]

## PROCEDURAL HISTORY

On September 25, 2006, the Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. §2241. In his petition, Flores-Padilla alleged that the Bureau of Prisons ("BOP") and the Immigration and Naturalization Service ("INS") were detaining him an additional six months beyond the expiration of his 30-month sentence. He stated that his sentence expired in late September, 2006.

---

[1]      As will be explained below, the Court did not enter a "Judgment" on October 5, 2006. Instead, the Court entered an Order denying the Petitioner's motion for a preliminary injunction directing federal authorities to release him from custody.

The Petitioner did not pay the $5.00 filing fee, and he failed to supply the Court with the financial information needed to assess his motion to proceed *in forma pauperis*. On September 27, 2006, the Court issued a Deficiency Order directing the Petitioner to provide the Court with the requisite *in forma pauperis* form. [Record No. 5]

On October 4, 2006, the Petitioner filed a motion seeking a preliminary injunction releasing him from federal custody, although he had still not paid the $5.00 filing fee or submitted the completed *in forma pauperis* form. He argued that the Court should not wait for the BOP to process and send to the Court his $5.00 filing fee before addressing his claims. He claimed that whatever time was involved in getting the $5.00 filing fee to the Clerk's Office (up to thirty days from the date of the Deficiency Order) would amount to additional time which he would be forced to serve over and beyond his completed 30-month sentence. [Record No. 7] He asked the Court to waive the time for compliance with the Deficiency Order and to enter a preliminary injunction releasing him from federal custody. [*Id.*]

On October 5, 2006, the Court entered a Memorandum Opinion and Order denying the Petitioner's request for a preliminary injunction. [Record No. 8] The Court determined that the Petitioner had very little, if any, likelihood of success on the merits of his claim that he should be immediately released. The Court noted that the INS has been given authority to detain aliens an additional six months beyond the term of their sentence. The Court cited *Zadvydas v. Davis*, 533 U.S. 678, 699-700, 121 S. Ct. 2491 (2001), which held that presumptive limit to reasonable

-2-

duration of detention under post-removal-period provision of Immigration and Nationality Act (INA) is six months.[2]

### CURRENT MOTION  [RECORD NO. 9]

The Petitioner has now filed a motion [Record No.  9] asking the Court to amend or reverse the Memorandum Opinion and Order.[3]   Petitioner argues that just because the government has authority to hold him past the term of his sentence does not mean that the government *should* hold him any longer than 90 days past his expired sentence.  He also claims that he is suffering irreparable harm by being confined "in a maximum security penitentiary, surrounded by murderers, prisoners doing consecutive life sentences, who have no regard for the life of an illegal alien, especially in these hateful times when illegal aliens are being bashed on tv."  [Motion, Record No. 9, p. 3]

### DISCUSSION

In order to obtain relief from a judgment or order under Fed. R. Civ. P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud,

---

[2]    The Court also cited another Supreme Court decision which reached the same conclusion.  *Clark v. Martinez*, 543 U.S. 371, 386, 125 S.Ct. 716, 727 (2005) (time reasonably necessary to effect removal, for which both aliens who have been found removable and aliens who have been deemed inadmissible may be held once their removal orders become final, is presumptively six months for each of these two categories of aliens).

[3]    The record reflects that as of the date of entry of this Order, the Petitioner has still failed either to pay the $5.00 filing fee or to submit the necessary *in forma pauperis* form.

misrepresentation, or other misconduct of the adverse party.[4]  *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

Here, the Petitioner alleges nothing in his current submission which would persuade the Court that its Memorandum Opinion and Order was in error in any respect.  The authority from the Supreme Court, which the Court cited in the Memorandum Opinion and Order, clearly indicates that the INS can hold  post-removal aliens, such as the Petitioner, up to *six months* past the expiration of the term of their sentences.  After that time period, the detention will only be authorized if the alien demonstrates, and the government fails to rebut, the lack of a significant likelihood of removal in the reasonably foreseeable future.

The Court will not amend the Memorandum Opinion and Order for another reason.  On October 12, 2006, another judge of this Court rejected, on the merits, a §2241 habeas petition involving very similar claims.  *See Jose Camacho-Olivas v. Stine*, London Civil Action No. 6: 06-436 (Hon. Karen K. Caldwell, presiding).  Similar to Petitioner Flores-Padilla, Camacho-Olivas (who is also currently confined in USP-McCreary) claimed that INS's anticipated plan to detain him past his upcoming release date:  (1) violated his rights under the Fourth, Fifth, and Eighth Amendments to the U.S. Constitution; (2) was an unconstitutional application of 8 U.S.C. §1226(c); and (3) constituted false imprisonment.

---

[4]     There are several other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment, none of which are applicable in this case.

In dismissing Camacho-Olivas' §2241 petition as premature, Judge Caldwell explained in detail the history and process governing the removal process of illegal aliens. She determined that because the authorized six-month holdover period had not run, Camacho-Olivas was not entitled to an order releasing him from custody. She dismissed the petition without prejudice, based in large part on the holding in *Zadvydas v. Davis*. *See* Record No. 7, pp. 6-7, *Camacho-Olivas v. Stine*, 06-436-KKC. *See also* the October 12, 2006 Memorandum Opinion and Order (Record No. 6) entered in *Juan Araiza-Morales v. Stine*, London Civil Action No. 05-441-KKC (dismissing §2241 filed by alien for the same reasons discussed in *Camacho-Olivas*).

Judge Caldwell has undertaken a studied analysis of the issue regarding the INS's authority to hold aliens past the expiration of their sentences. She has dismissed without prejudice other almost identical claims. The Court finds no reason to amend or reverse the rationale in this proceeding.

CONCLUSION

Accordingly, the Petitioner's "Motion to Amend or Reverse the 'Judgment' of 10/05/06" [Record No. 9] is **DENIED**.

This 18th day of October, 2006.



Signed By:

*Danny C. Reeves* ᗪᑕᖇ

**United States District Judge**

-5-