**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

ISMAEL FLORES-PADILLA,      )
                                    )
      Petitioner,           )     Civil Action No. 6: 06-437-DCR
                                      )
V.                              )
                                    )
D. L. STINE, Warden, et al.,   )     **MEMORANDUM OPINION**
                                    )        **AND ORDER**
      Respondents.      )

\*\* \*\* \*\* \*\* \*\*

Ismael Flores-Padilla, an individual currently confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-McCreary"), has filed a *pro se* petition [Record No. 2], seeking a writ of habeas corpus under 28 U.S.C. §2241. He has named the warden and the Immigration and Naturalization Service[1] as the Respondents. In response to the Court's deficiency order, he has now paid the district court filing fee.

This matter is before the Court for screening.[2] 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970),

---

[1] The Immigration and Naturalization Service has been abolished and its immigration enforcement function transferred to the United States Bureau of Immigration and Customs Enforcement ("ICE") in the Department of Homeland Security. The change does not affect the immigration detainer or this action.

[2] As this is a *pro se* petition, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

*cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).  For the reasons to be discussed below, the petition will be denied.

<u>CLAIMS AND ALLEGATIONS</u>

The Petitioner states that on September 15, 2004, in the United States District Court for the Central District of California, he was convicted of illegal re-entry into the United States in violation of 8 U.S.C. §1326.  He has submitted (Exhibit A) a copy of the criminal Judgment which indicates that he pled guilty to two counts and was sentenced to consecutive terms of six and 24 months, for a total period of incarceration of 30 months.  The Petitioner alleges that this sentence will expire on September 21, 2006.[3]

Flores-Padilla contends that he will continue to be held in detention at USP-McCreary indefinitely after his release date because a notice of a deportation hearing has issued.  He has not been notified of the date of the hearing, but the purported outcome will be that  "Ismael will be deported to Mexico."  He swears under penalty of perjury that "[i]t has been the pattern and practice of respondents Stine and the INS, Homeland Security, to hold prisoners who have been declared to have entered the country illegally, beyond their expiration of their sentence date at leats [*sic*] six months."  Therefore, the Petitioner asks the Court to pressure the Respondents to hold the deportation hearing in a timely manner, so as to help him avoid a  lengthy and illegal detention by immigration authorities.  He points out the limitations of the prison environment, with no interpreters or paralegals; professes his desire for all aliens facing deportation

---

[3]        The petition is dated as signed on September 19, 2006, and seeks the Court's intervention prior to his September 21st release date.  However, the petition was not received in the office of the Clerk of the Court until September 25, 2006, several days *after* his anticipated release from the criminal sentence.

proceedings to be released on bond pending the proceedings; suggests that no illegal aliens should be detained beyond their release dates; and also seeks the assistance of counsel two months prior to any alien's release date.

The Petitioner cites to *Zadvydas v. Davis*, 533 U.S. 678 (2001), for the proposition that holding an individual for an indefinite detention would raise serious constitutional problems if removal is not foreseeable. He also claims that his detention of him past his release date will: (1) violate his rights under the Fourth, Fifth, and Eighth Amendments to the U.S. Constitution; (2) be an illegal application of 8 U.S.C. §1226(c); and (3) constitute false imprisonment. The Court denied his earlier motion for preliminary injunctive relief.

<u>DISCUSSION</u>

Habeas corpus jurisdiction exists under 28 U.S.C. §2241 when a petitioner asserts a claim that his *current* custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Here, the Petitioner asserts that his *future* custody will be illegally long. However, as long as his detention is in service of a valid criminal sentence, his petition is premature. He is only anticipating coming into the custody of the INS or its successor agency.

The law is well settled that a prisoner must wait until he comes into the custody of the INS or ICE authorities to challenge its detention because an immigration detainer or other pre-release notice from immigration authorities does not confer custody to the INS. *See Kendall v. INS*, 261 F.Supp.2d 296, 300-01 (S.D. N.Y) (noting the Petitioner's status, characterizing his challenge to the INS detainer as being "obviously premature," and citing cases supporting its

3

conclusion, including *Roldan v. Racette*, 984 F.2d 85, 88 (2nd Cir. 1993); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); and *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990)). *See also Hernandez v. Lindeman*, 2002 WL 31163074 (D. Minn. 2002) (unpublished) (same; also relying on *Campillo*, 853 F.2d at 595).

In summary, a prisoner against whom an immigration detainer is lodged "may not challenge the detainer *via* a habeas corpus petition until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." *Campillo*, 853 F.2d at 595. Thus, if the Petitioner is still serving his criminal sentence, any interference by this Court is barred.

The Court further notes that even after the Petitioner's sentence expires and he becomes detained under the authority of the INS, which may have happened on the September 21, 2006 date, as he allegedly anticipated, he may be detained by immigration authorities for not insignificant periods of time. If deportation proceedings are planned, the statute requires that the alien "shall" be kept in custody until the proceedings are completed. 8 U.S.C. §1226. Moreover, §1226(e) explicitly states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to [court] review."

As to the length of this pre-hearing detention, it may be for six months or longer, so long as the detention is justified and reasonable. *See Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003) (detention by the INS for 1½ years without a decision on removal and without any special justification for the delay, was unreasonable and his actual removal was not reasonably foreseeable; therefore, the grant of habeas relief was affirmed). The reasonableness of the length

4

of detention must be determined on a case-by-case basis under habeas review. *Id. See also Yang v. Chertoff*, 2005 WL 2177097 (E.D. Mich. 2005) (not reported) (discussing *Ly* and denying §2241 petition of Yang, who had been in ICE custody for only three months).

Additionally, an immigration detainee may be held for as long as 6 months *after* the hearing if an order of removal issues from the immigration judge.  For this post-removal-order period of time, the governing statute is 8 U.S.C. §1231.  On its face, the statute provides that immigration authorities "shall remove" the alien within 90 days after the alien has been ordered removed.

It is the length of this detention, *i.e.*, the detention of a post-removal-order alien, that *Zadvydas* addresses.  The case does not stand for the proposition that the instant Petitioner is entitled to any relief now, even if he has already been ordered removed.  Rather, in *Zadvydas,* the Court interpreted §1231(a)(6) to authorize the detention of a post-removal-order alien beyond 90 days, the Court holding that the detention may last only for as long as is "reasonably necessary" to effectuate the alien's removal and that six months is the presumptive period of time that is reasonably necessary to effectuate removal.  533 U.S. at 699.  *See also Clark v. Martinez*, 543 U.S. 371 (2005).

Following the *Zadvydas* decision, regulations were promulgated to meet the criteria established by the Supreme Court.  *See* 8 C.F.R. §241.4.  One portion of the regulation provides that prior to the expiration of the removal period, the ICE district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the removal period or is impracticable or contrary to public interest; and the director will then "notify the alien in

writing that he or she is to be released from custody, or that he or she will be continued in detention pending removal or further review of his or her custody status."   8 C.F.R. §241.4(k)(1)(I).   However, none of the statutory or regulatory deadlines relevant to custody under §1231 have as yet come to pass in this case.

Here, Flores-Padilla has failed to state any facts or legal grounds establishing or even suggesting that his current detention is illegal.  In summary, the instant petition is premature. *See Cuevas-Rodriguez v. Chertoff*, 2006 WL 1421032 (E.D. Mich. 2006) (slip op.); *Aramayo-Escobar v. Bureau of Immigration and Customs Enforcement*, 2005 WL 2860648 (M.D. Pa. 2005) (slip op.)

<u>CONCLUSION</u>

Being sufficiently advised, it is **ORDERED** as follows:

(1)    The Petitioner's motion to proceed *in forma pauperis* [Record No. 3] is **DENIED** as moot;

(2)    Petitioner Ismael Flores-Padilla's petition for writ of habeas corpus is **DENIED**;

(3)    This action shall be **DISMISSED**, without prejudice, from the Court's docket.

This 31st day of October, 2006.



Signed By:

*Danny C. Reeves*

**United States District Judge**

6